IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTIAN GULBRANSEN, et al.,

    Plaintiffs,

v.

FAR NORTHERN REGIONAL CENTER, et al.,

    Defendants.

        No. CIV S-11-1231 JAM DAD PS

        ORDER

        Plaintiffs Christian Gulbransen, Christina Gulbransen and Michael Gulbransen are proceeding pro se with this action. The case has been referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        A filing fee of $350.00 is required to commence a civil action in a federal district court. 28 U.S.C. § 1914(a). The court may authorize the commencement of an action without prepayment of fees or security therefor by a litigant who submits an affidavit demonstrating inability to pay. 28 U.S.C. § 1915(a). Plaintiff Michael Gulbransen has submitted an application to proceed in forma pauperis. (Doc. No. 2.) The undersigned finds that plaintiff Michael Gulbransen's in forma pauperis application makes the showing required by the statute. Accordingly, plaintiff Michael Gulbransen's request to proceed in forma pauperis will be granted.

1

However, plaintiffs are advised that each plaintiff must file their own separate application to proceed in forma pauperis, since filing fees must be paid unless each plaintiff applies for and is granted leave to proceed in forma pauperis. Therefore, plaintiff Christian Gulbransen and plaintiff Christina Gulbransen must each file their own separate application to proceed in forma pauperis.

Moreover, pursuant to 28 U.S.C. § 1915(e)(2), the court must dismiss the complaint at any time if the court determines that the pleading is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

Here, plaintiffs Michael Gulbransen and Christina Gulbransen are proceeding "for themselves and as parents of Christian Gulbransen and Christina Gulbransen as guardian ad litem for Christian Gulbransen." (Compl. (Doc. No. 1) at 2.) As noted above, plaintiffs are proceeding

1 pro se. The right to represent oneself pro se is personal to the plaintiff and does not extend to
2 other parties. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); Russell v. United
3 States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority
4 to represent anyone other than himself.") Thus, "a parent or guardian cannot bring an action on
5 behalf of a minor child without retaining a lawyer." Johns v. County of San Diego, 114 F.3d
6 874, 877 (9th Cir. 1997). "'[I]t is not in the interest of minors . . . that they be represented by
7 non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal
8 assistance so their rights may be fully protected.'" Id. at 876-77 (quoting Osei-Afriyie v. Medical
9 College, 937 F.2d 876, 882-83 (3d Cir. 1991)). In this regard, plaintiff Christian Gulbransen
10 must be represented by retained counsel if this action is to proceed on his behalf.

11    Turning to the substance of the complaint, plaintiffs allege that the defendants,

> have retaliated against, violated and continue to retaliate and
> violate the parties rights under State and Federal Constitution in
> particular, article 1 of the California Constitution and the 14th
> Amendment of the United States Constitution and all of the
> statutes and regulations relating thereto.

15 (Compl. (Doc. No. 1) at 2.)

16    A litigant who complains of a violation of a constitutional right does not have a
17 cause of action directly under the United States Constitution. Livadas v. Bradshaw, 512 U.S.
18 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for
19 the deprivation of rights secured by the United States Constitution); Chapman v. Houston
20 Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to
21 create a private cause of action for violations of the United States Constitution); Azul-Pacifico,
22 Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action
23 directly under the United States Constitution.").

24    Title 42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] . . . subjects, or
> causes to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the

3

      Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to state a cognizable claim under § 1983 the plaintiff must allege facts demonstrating that she was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). It is the plaintiff's burden in bringing a claim under § 1983 to allege, and ultimately establish, that the named defendants were acting under color of state law when they deprived her of a federal right. Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

      Here, plaintiffs have sued the Far Northern Regional Center and the California Department of Developmental Services. Plaintiffs have not alleged what the Far Northern Regional Center is or how it was allegedly acting under color of state law when plaintiffs were allegedly deprived of a federal right.[1] Moreover, the allegations of plaintiffs' complaint state really nothing more than conclusions and statements of the impact upon them as opposed to factual allegations identifying the who, what, when and where of the acts allegedly undertaken by the named defendants. In this regard, the court finds plaintiffs' complaint vague and conclusory, because it contains no factual allegations concerning any defendant's acts or omissions that resulted in the alleged constitutional violations.

---

[1] Plaintiffs are advised that, in general, the Eleventh Amendment bars suits against a state, absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity. Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984); Simmons v. Sacramento Cnty Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999). The Eleventh Amendment also bars federal suits, whether seeking damages or injunctive relief, against state officials where the state is the real party in interest. Pennhurst, 465 U.S. at 101-02. However, in Ex Parte Young, 209 U.S. 123, (1908), the Supreme Court held that federal courts have jurisdiction over suits against state officers to enjoin official actions that violate federal statutory or constitutional law, even if the state itself is immune from suit under the Eleventh Amendment. Sofamor Danek Group, Inc. v. Brown, 124 F.3d 1179, 1183-84 (9th Cir. 1997) (citing Ex Parte Young, 209 U.S. at 155-56); Natural Resources Defense Council v. Cal. Dep't of Transp., 96 F.3d 420, 422-23 (9th Cir. 1996) (citing Ex Parte Young). Thus, "a plaintiff may . . . maintain a federal action to compel a state official's prospective compliance with the plaintiff's federal rights." Indep. Living Ctr. of S. Cal., Inc. v. Maxwell-Jolly, 572 F.3d 644, 660 (9th Cir. 2009).

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and allege facts that state the elements of the claims both plainly and succinctly. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity specific acts which each defendant engaged in that support the plaintiff's claims. See id.

Plaintiffs will be granted leave to file an amended complaint if they wish to cure the defects noted above. Plaintiffs are advised that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 15-220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Plaintiffs' amended complaint must include concise but complete factual allegations describing the conduct and events which underlie the claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff Michael Gulbransen's May 6, 2011 application to proceed in forma pauperis (Doc. No. 2) is granted;

2. The complaint filed May 6, 2011 (Doc. No. 1) is dismissed with leave to amend;

3. Within thirty (30) days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint";

/////

/////

4. If plaintiffs elect to file an Amended Complaint, plaintiff Christian Gulbransen and plaintiff Christina Gulbransen shall each file a complete motion to proceed in forma pauperis together with the amended complaint; and

5. Failure to respond to this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: June 16, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\gulbransen1231.lta.ord

6